In re APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(D) DIRECTED TO CABLEVISION SYSTEMS CORP. 1111 STEWART AVENUE BETHPAGE, NEW YORK 11714

Misc. No. 01–189.

United States District Court,
D. Maryland.

Aug. 10, 2001.

### *MEMORANDUM*

BREDAR, United States Magistrate Judge.

Pending before the Court is Cablevision Systems Corporation's (Cablevision's) Motion to Quash or Otherwise Modify the Court's Order Dated May 10, 2001 [1] (Paper No. 2). I have considered Cablevision's Motion and the Government's response. I previously issued a Memorandum and a separate Order under seal addressing these matters, and by separate Order today I vacate same, and the issues raised in Cablevision's May 10 Motion are now resolved herein and by the accompanying Order. The parties, although given the opportunity, have not requested that the Court's rulings be sealed. No hearing is necessary. *See* D. MD. R. 105.6.

Cablevision is a cable television company that also owns and operates Optimum Online and Optimum @ Home, cable modem services that operate over cable lines and provide subscribers with high speed Internet and related services. On May 10, 2001, the Court ordered Cablevision to disclose to the Government certain information about its customers or subscribers and to refrain from telling any other person about the existence of the Order, the Government's application for the Order, or the investigation itself. It issued this Order pursuant to the authority granted in

---

**1.** The undersigned issued this Order pursuant to 18 U.S.C. § 2703, which provides that such orders may be entered by any "court of competent jurisdiction," which, in turn, is defined to include a magistrate judge. *See* 18 U.S.C. § 2703(d) (citing definition provided in 18 U.S.C. § 3127(2)(a) (defining term to include magistrate judges)).

the Electronic Communications Privacy Act, 18 U.S.C. §§ 2703, 2705. Cablevision has moved to quash or modify that Order on the theory that the Cable Communications Policy Act of 1984, as amended, 47 U.S.C. § 551, would make it civilly liable for disclosing subscriber information without personally notifying the subscribers of the disclosure.

Cablevision asserts that the Cable Communications Policy Act conflicts with the Electronic Communications Privacy Act. The former provides that a cable subscriber must be notified when the cable operator discloses "personally identifiable information" to a governmental entity and subjects the operator to civil liability for failing to provide such notice, *see* 47 U.S.C. § 551. It provides in pertinent part:

**(c) Disclosure of personally identifiable information**

(1) Except as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator.

(2) A cable operator may disclose such information if the disclosure is—

.　　.　　.　　.　　.

(B) subject to subsection (h) of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed . . . .

.　　.　　.　　.　　.

**(h) Disclosure of information to governmental entity pursuant to court order**

A governmental entity may obtain personally identifiable information concerning a cable subscriber pursuant to a court order only if, in the court proceeding relevant to such court order—

.　　.　　.　　.　　.

(2) the subject of the information is afforded the opportunity to appear and contest such entity's claim.

47 U.S.C. § 551 (1991 & 2000 Supp.). The Electronic Communications Privacy Act, by contrast, specifically authorizes a court to order that a provider of electronic communications service or remote computing service not disclose the existence of a court order issued pursuant to 18 U.S.C. § 2703 that requires it to produce personal information about the subscriber or customer. *See* 18 U.S.C. § 2705(b). It provides in pertinent part:

A governmental entity acting under section 2703 . . . may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a . . . court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the . . . court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the . . . court order will result in—

(1) endangering the life or physical safety of an individual;

(2) flight from prosecution;

(3) destruction of or tampering with evidence;

(4) intimidation of potential witnesses; or

(5) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

*Id.*

There is little authority addressing this apparent conflict, and almost none pur-

porting to resolve it. *Cf. United States v. Kennedy,* 81 F.Supp.2d 1103, 1111 (D.Kan. 2000) (observing that question of whether Acts conflicted was one of first impression but not deciding question). In the case of *In re Application of the United States of America for an order Pursuant to 18 U.S.C. 2703(d),* 36 F.Supp.2d 430 (D.Mass. 1999), the district court discussed the apparent conflict between the Acts but did not resolve it.[2] *See id.* at 433. The court reasoned that the issue of the cable company's liability was not ripe for resolution because the cable company did not oppose the Government's application for the order. *See id.* The present case is different, however, because Cablevision has contested the Order by filing its motion to quash or otherwise modify the Order. Moreover, although the issue of Cablevision's civil liability may not be ripe,[3] the question of whether this Court's Order complies with federal law, specifically the Cable Communications Policy Act, is very much before the Court.

◼ Faced with an apparent statutory conflict, courts have a duty to construe the statutes as consistent so far as the language permits. *See Morton v. Mancari,* 417 U.S. 535, 551, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974) (explaining that "[t]he courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-exis-

tence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective"). As the Supreme Court and the Fourth Circuit have recognized, repeals by implication are disfavored. *See Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 154, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976) (citation omitted); *McLean v. Central States, Southeast & Southwest Areas Pension Fund,* 762 F.2d 1204, 1209 (4th Cir. 1985). In the absence of an affirmative expression of an intent to repeal an earlier enacted statute, courts will find that Congress has implicitly repealed an earlier statute by enacting a later one only when there is an " 'irreconcilable conflict' [between the statutes] in the sense that there is a positive repugnancy between them or that they cannot mutually coexist." *Radzanower,* 426 U.S. at 155, 96 S.Ct. 1989.

◼ The Government attempts to reconcile the Acts by asserting that the Cable Communications Policy Act does not apply to non-television services involving two-way communications, reasoning that the Act defines "cable service" as "the one-way transmission to subscribers of . . . video programming or . . . other programming service, and . . . subscriber interaction, if any, which is required for selection or use of such video programming or other programming service." 47 U.S.C. § 522(7). The privacy provisions of the Act, howev-

---

**2.** The other two cases cited by the Government as examples in which courts have ordered disclosure notwithstanding the argument advanced here are no more helpful. In an unpublished one-page decision (which the Government attached to its response) in the case of *In re Grand Jury Subpoena Dated January 10, 2001, Served Upon Cablevision Lightpath Inc.,* SCID No. 30026–2001 (N.Y.Sup.Ct. Feb. 13, 2001), the court held that Cable Communications Policy Act did not apply but provided no explanation or analysis to support its conclusion. The Government has cited one other unpublished case but has

not provided the Court with a copy of the decision.

**3.** I note, however, that the Electronic Communications Privacy Act provides that "[n]o cause of action shall lie in any court against any provider of wire or electronic communication service, its officers, employees, agents, or other specified persons for providing information, facilities, or assistance in accordance with the terms of a court order, warrant, subpoena, or certification under this chapter." 18 U.S.C. § 2703(e).

er, apply to "cable operators," *see* 47 U.S.C. § 551, which is defined to include entities that "control[ ] or [are] responsible for the management and operation of . . . a cable system." 47 U.S.C. § 522(7). A cable company that provides cable modem service over a cable system is therefore a "cable operator" and subject to the privacy provisions of the Act. The Court has endeavored to construe the Act in such a way as to avoid the statutory conflict, but has been unable to do so without doing violence to the intent of Congress as expressed in the language of the statute.

■ There is an "irreconcilable conflict" between the notice provisions of the earlier enacted Cable Communications Policy Act and the later enacted Electronic Communications Privacy Act. The Cable Communications Policy Act, which established privacy protections for subscribers to services provided by cable television companies, provides that a cable operator may disclose "personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned" pursuant to a court order authorizing such disclosure only "if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(1), (2)(B). It further provides that "[a] governmental entity may obtain personally identifiable information concerning a cable subscriber pursuant to a court order only if, in the court proceeding relevant to such court order . . . the subject of the information is afforded the opportunity to appear and contest such entity's claim." 47 U.S.C. § 551(h)(2). When, however, the subscriber also receives cable modem services from the cable company, such as Internet or electronic mail services, the Electronic Communications Privacy Act also applies. That Act provides that a court that orders a provider of electronic communications service or

remote computing service to disclose personal information about a subscriber to a governmental entity "shall" enter an order "commanding" the provider not to disclose the existence of the court order if the governmental entity requests such an order and the Court finds certain circumstances to exist. *See* 18 U.S.C. § 2705(b). In short, the Cable Communications Policy Act requires that the cable company notify a subscriber of a court order that requires it to disclose personal information about the subscriber, whereas the Electronic Communications Privacy Act requires a court, under circumstances set forth in 18 U.S.C. § 2705(b), to bar a cable company that provides an electronic communications service or remote computing service from notifying a subscriber to that service of such an order. When a court orders production of personal information regarding a subscriber to an electronic communications service or remote computing service from a cable company that is also the provider of the electronic communications service or remote computing service and the circumstances that require a court to issue a confidentiality order under 18 U.S.C. § 2705(b) exist, these Acts impose conflicting obligations upon the cable company. In such circumstances, there is an irreconcilable conflict between the statutes. Because Congress enacted the pertinent provisions of the Electronic Communications Privacy Act after it enacted the pertinent provisions of the Cable Communications Policy Act, *compare* Electronic Communications Privacy Act of 1986, Pub.L. No. 99–508, § 201, 100 Stat. 1848 (1986) (adding 18 U.S.C. §§ 2703 & 2705 on October 21, 1986), *with* Cable Communications Policy Act of 1984, Pub.L. No. 98–549, § 2, 98 Stat. 2794 (1984) (adding 47 U.S.C. § 551 on October 30, 1984), I hold that the Electronic Communications Privacy Act implicitly repealed those provisions of the Cable Communications Poli-

cy Act that require that a subscriber to an electronic communications service or remote computing service provided by a cable company be given notice of a court order directing the cable company to disclose personal information about the subscriber to a governmental entity.[4]

■ For the foregoing reasons, Cablevision's motion will be denied. A separate Order will issue.

## ORDER

Pending before the Court is Cablevision Systems Corporation's (Cablevision) Motion to Quash or Otherwise Modify the Court's Order Dated May 10, 2001 (Paper No. 2). For the reasons set forth in the Court's Memorandum, it is hereby

ORDERED that, upon reconsideration, the Court's Memorandum and Order dated July 19, 2001, and filed under seal is VACATED; and it is

FURTHER ORDERED that the Cablevision's Motion to Quash or Otherwise Modify the Court's Order Dated May 10, 2001 (Paper No. 2) is DENIED.

FURTHER ORDERED that copies of this Order shall be sent to counsel for Cablevision and the Government via facsimile and first class mail.

---

4. While not dispositive in this instance when two statutes facially and starkly conflict, I note that in other instances Congress has permitted the disclosure of private, personal and sensitive information to government agents conducting legitimate investigations, when authorized by courts of competent jurisdiction, without notice or with delayed notice to the individual whose privacy has been invaded. *See, e.g.,* 12 U.S.C. § 3409 (authorizing court to order financial institution to delay notifying customer that it has disclosed financial records); 18 U.S.C. §§ 2511(2)(a)(ii) (prohibiting disclosure of existence of surveillance or interception of wire, oral, or electronic communications), 3123(d) (directing courts to prohibit disclosure of existence of pen registers or trap and trace devices, investigations involving such devices, and court orders that authorize use of such devices).